UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD EUGENE
MALLORY,

    Plaintiff,

v.

JEFF SESSIONS,

    Defendant.
_____/

Case No. 2:17-cv-12021
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

# ORDER DENYING PLAINTIFF'S JUNE 22, 2017 PETITION TO SEAL AND EXTENDING THE DEADLINE TO EFFECT SERVICE
## (DE 2)

**A. Background**

Donald Mallory is currently incarcerated at the Michigan Department of Corrections Lakeland Correctional Facility (LCF) in Coldwater, Michigan. (DE 8.) He is serving a life sentence imposed on April 1, 1987 in Case No. 86-07734 (Wayne County). *See* www.michigan.gov/corrections, "Offender Search."

Mallory has previously filed several matters in this Court, including petitions for a writ of habeas corpus (Case Nos. 2:92-cv-71453-ADT, 5:94-cv-60284-GL) as well as other civil matters (Case Nos. 2:88-cv-72028-JAC, 2:98-cv-71472-PJD, 2:04-cv-71626-BAF-SDP, and 4:13-cv-13466-MAG-MKM).

**B. Plaintiff's "Bill in Equity"**

On June 22, 2017, while incarcerated at the MDOC's Muskegon Correctional Facility (MCF), Plaintiff filed a "Bill in Equity," against a single defendant - Jeff Sessions, Attorney General of the United States. Throughout Plaintiff's initiating document, he cites several "equitable maxims." He specifically mentions the Trading with the Enemy Act (50 U.S.C. §§ 4301-4341) and the Emergency Banking Relief Act (12 U.S.C. §§ 95b, *et seq.*). He also references the aforementioned Wayne County case number. Among other things, Plaintiff seeks return of $17,429,256,000.00 – a figure apparently derived from a 2012 Income Tax Return reporting an estimate of $50,108,000 and a 2013 Income Tax Return in the sum of $17,379,148,000. (DE 1 at 1-7; *see also* DEs 3-4.)

**C.     Service upon Defendant Sessions**

On September 19, 2017, the Clerk's Office noted in the docket that Plaintiff's initiating document was "filed without any form of payment or application for *In Forma Pauperis*." Following Plaintiff's "notice" and "application to proceed in district court without prepaying fees or costs," the Court entered an order granting Plaintiff's application to proceed *in forma pauperis*. (DEs 7, 9, 10.) I further directed the Clerk's Office to issue the summons(es).

Ordinarily, Plaintiff would only have 90 days from the date his initiating document was filed within which to serve Defendant:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff—must

> dismiss the action without prejudice against that defendant or order
> that service be made within a specified time. But if the plaintiff shows
> good cause for the failure, the court must extend the time for service
> for an appropriate period. This subdivision (m) does not apply to
> service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).
>
> Fed. R. Civ. P. 4(m) ("Time Limit for Service.").

Plaintiff filed his initiating document on June 22, 2017. Thus, he would have been required to serve Defendant no later than, approximately, Wednesday, September 20, 2017. However, given that the Court only recently addressed Plaintiff's application to proceed *in forma pauperis*, and given that the Clerk's Office has yet to issue the summons(es), the Court will provide an extension of time within which to effect service upon Defendant Sessions. Fed. R. Civ. P. 4(i)(4), Fed. R. Civ. P. 4(m).

### D. Plaintiff's Petition to Seal

Judge Steeh has referred this case to me to conduct all pretrial matters. Currently before the Court is Plaintiff's June 22, 2017 two-page filing labeled, "Petition to Seal." Here, too, Plaintiff quotes an "equitable maxim." (DE 2 at 1.) Although the document is difficult to read, the Court can discern that Plaintiff's "wherefore" clause asks for "an order sealing the Bill in Equity." (DE 2 at 2.)

### E. Order

Upon consideration, Plaintiff's petition to seal (DE 2) is **DENIED**, as the relief ultimately sought – sealing his initiating document – is not warranted.

Moreover, within thirty (30) days of Plaintiff's receipt of the summons(es) from the Clerk's Office, Plaintiff **SHALL** attempt service of the summons and complaint in accordance with Fed. R. Civ. P. 4, paying particular attention to Fed. R. Civ. P. 4(c) ("Service."), Fed. R. Civ. P. 4(i) ("Serving the United States and Its Agencies, Corporations, Officers, or Employees."), and Fed. R. Civ. P. 4(l) ("Proving Service."). Plaintiff is **CAUTIONED** that a failure to serve Defendant Sessions in accordance with Fed. R. Civ. P. 4 may result in dismissal of his case.

**IT IS SO ORDERED.**

Dated: November 29, 2017         s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 29, 2017, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti