UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD EUGENE
MALLORY,

        Plaintiff,

v.

JEFF SESSIONS,

        Defendant.

_____/

Case No. 2:17-cv-12021
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S FEBRUARY 23, 2018 MOTION TO DISMISS (DE 14) and DENY PLAINTIFF'S APRIL 2, 2018 MOTION TO DISMISS/STRIKE (DE 16)**

**I.**    **RECOMMENDATION**: The Court should **GRANT** Defendant's motion to dismiss (DE 14) and **DENY** Plaintiff's motion to dismiss/strike (DE 16).

**II.**    **REPORT**

    **A.**    **Background**

Donald Mallory is currently incarcerated at the Michigan Department of Corrections Lakeland Correctional Facility (LCF) in Coldwater, Michigan. (DE 8.) He is serving a life sentence imposed on April 1, 1987 in Case No. 86-07734 (Wayne County). *See* www.michigan.gov/corrections, "Offender Search."

Mallory has previously filed several matters in this Court, including petitions for a writ of habeas corpus (Case Nos. 2:92-cv-71453-ADT, 5:94-cv-

60284-GL) as well as other civil matters (Case Nos. 2:88-cv-72028-JAC, 2:98-cv-71472-PJD, 2:04-cv-71626-BAF-SDP, and 4:13-cv-13466-MAG-MKM). In addition, he has been a party to several cases in the Western District of Michigan, including *Mallory v. Obama, et al.*, Case No. 1:15-cv-01090-GJQ-RSK (W.D. Mich.).

### B.     Plaintiff's "Bill in Equity"

On June 22, 2017, while incarcerated at the MDOC's Muskegon Correctional Facility (MCF), Plaintiff filed a "Bill in Equity," against a single defendant - Jeff Sessions, Attorney General of the United States. Throughout Plaintiff's initiating document, he cites several "equitable maxims" as subheadings. He also vaguely mentions the Trading with the Enemy Act (50 U.S.C. §§ 4301-4341) and the Emergency Banking Relief Act (12 U.S.C. §§ 95b, et seq.). He further references the aforementioned Wayne County case number. (*See* DE 1 at 1-7; *see also* DEs 3-4.) Among other things, Plaintiff seeks to "[e]stablish a private bank account" in the amount of $17,429,256,000, along with "a debit card with a daily available access" of $2 million – figures apparently derived from a 2012 Income Tax Return reporting an "estimated cash amount of

$50,108,000[,]" and a 2013 Income Tax Return "for Trust DONALD EUGENE MALLORY . . . in the sum of $17,379,148,000." (*Id*. at ¶¶ 16, 18, 33(f).)[1]

### C. Defendant Sessions's Motion to Dismiss

Judge Steeh has referred this case to me for all pretrial matters. (DE 6.) Currently before the Court is Defendant Sessions's February 23, 2018 motion to dismiss. (DE 14.) He seeks dismissal of Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for "failure to state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6).

Plaintiff's response was due on March 28, 2018. (DE 15.) Plaintiff's "motion to dismiss/strike," dated March 28, 2018 and filed with this Court on April 2, 2018, consists of a one-page motion (DE 16 at 1), attached to which are: a March 27, 2018 "affidavit of fact" (DE 16 at 2-7); a March 6, 2018 "affidavit of truth," served on March 14, 2018 (DE 16 at 8-9, 10-15, 19); and, documents which appear to be related to *Mallory v. Obama*, No. 1:15-CV-1090 (W.D. Mich.) (DE 16 at 16-18).

### D. Discussion

#### 1. Screening for frivolousness

---

[1] After filing his "bill of equity," Plaintiff submitted a new verification page to correct the date from June 15, 2016 to June 15, 2017. (*Compare* DE 1 at 7 *with* DE 4 at 2.)

3

Plaintiff is proceeding *in forma pauperis*.  (DE 9, 10.)  Thus, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous . . . ."  28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's complaint "is patently frivolous."  (DE 14 at 10.)  First, throughout his complaint, Plaintiff describes himself as a "pre-1933 private American national citizen of the United States."  (DE 1 at 1-2, 6-7; *see also* DE 1 at 8.)  Setting aside that Plaintiff was apparently born more than 20 years *post-1933* (*see* DE 7 at 2), courts have frequently recognized "sovereign citizen" arguments as frivolous.  *See*, *e.g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."); *Payne v. Klida*, No. 15-CV-14127, 2016 WL 491847, at *4 (E.D. Mich. Jan. 6, 2016) (Morris, M.J.) ("Because Plaintiff's arguments are premised on sovereign citizen beliefs, there is no arguable basis for his claims, and his case is frivolous."), *report and recommendation adopted*, No. 15-CV-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016) (Ludington, J.); *Bellon v. U.S. Gov't*, No. 06-10078-BC, 2006 WL 1134411, at *2 (E.D. Mich. Apr. 27, 2006) (Lawson, J., *adopting report and recommendation of* Binder, M.J.) ("Courts have long found this 'sovereign citizen' argument to be frivolous."); *Smith v. Heyns*, No. 13-14013, 2014 WL 3687119, at *1 n.1 (E.D. Mich. July 24, 2014)

4

(Cleland, J.) ("arguments such as these have been uniformly rejected by the federal courts."); *El Bey v. Bank of Am., N.A.*, No. CIV. 13-12170, 2014 WL 517491, at *6 n.4 (E.D. Mich. Feb. 7, 2014) (Berg, J.) ("Courts have long found these 'sovereign citizen' arguments to be frivolous.").

Second, a similar interpretation of Plaintiff's instant complaint should come as no surprise to Plaintiff. He previously filed a 5-page "bill in equity" against "trustees" Barack H. Obama, Loretta E. Lynch, and Rosa G. Rios in the Western District of Michigan, as to which our sister court informed Plaintiff:

> The issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing Plaintiff's name, and it certainly did not turn such artificial person into an enemy of the state under the Emergency Banking Relief Act of 1933 or the Trading With the Enemy Act of 1917. Moreover, Plaintiff cannot bind the government to his fictitious notions and nonsensical private trust documents by demanding a rebuttal within 30 calendar days. The courts repeatedly have rejected such "redemptionist and sovereign citizen" arguments as utterly frivolous.

*Mallory v. Obama*, No. 1:15-CV-1090, 2015 WL 7722034, at *2 (W.D. Mich. Nov. 30, 2015) ("Plaintiff's complaint is patently frivolous.").

Since Judge Quist issued this decision, Plaintiff appears to have submitted a "Notice of Claim under Oath" to Obama, Lynch and Rios for return of "the securities, properties, collateral and cash of the value of $17,429,256,000 . . . [,]" allegedly held by their offices. (*See* DE 1 at 8-10, 14.) Nonetheless, Plaintiff's instant "bill of equity" against Defendant Sessions is "totally implausible,

5

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(1)).  To begin, the opening clause of Plaintiff's document states:

> This Bill in Equity is presented by Donald Eugene Mallory, sole-beneficiary . . . for the return of the following:  $17,429,256,000.00[] dollars, securities, properties, collateral, and all public and private accounts held under [a certain Social Security Number] by the United States Attorney General and United States Treasurer, of which Claimant holds equitable interest, right, and title.

(DE 1 at 1.)  Moreover, Plaintiff's "prayer for relief" includes the following requests:

- Use the trust funds to extinguish all debts of Claimant, including the WAYNE COUNTY 3RD JUDICIAL CIRCUIT COURT Case No. 86-0773401-FY, and arrange for the release of the collateral, i.e., the body of the Claimant, from government warehousing;

- Establish a private bank account and place the $17,429,256,000 and a debit card with a daily available access of $2,000,000[.]00[.]

(DE 1 at 7 ¶¶ e, f.)  As such, Plaintiff's complaint "does not merit extensive discussion." *United States v. McQuarters*, No. 11-MC-51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013) (Borman, J., *adopting report and recommendation of* Whalen, M.J.) (recommending dismissal under Fed. R. Civ. P. 12(b)(1)).

    **2.**    **Stating a claim upon which relief can be granted**

6

The Federal Rules of Civil Procedure provide, in part: "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Moreover, while "[n]o technical form is required[,]" "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff's complaint does not comply with Rule 8. (DE 14 at 12.) "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994) (regarding dismissal of Plaintiff's amended complaint). *See also Plymale v. Freeman*, 930 F.2d 919 (6th Cir. 1991) (dismissal for failure to comply with Rule 8 was not an abuse of discretion where Plaintiff "raised numerous allegations in a rambling complaint which is 119 pages long and encompasses twenty-four counts."). In another case, where the complaint involved "a myriad of claims, dates, and factual allegations against the remaining defendants which [we]re difficult to follow[,]" this Court observed:

> Plaintiff has not submitted a clear and concise statement of factual allegations of unconstitutional conduct against each of the defendants. Due to the voluminous and rambling nature of the complaint, the Court cannot readily ascertain the factual specifics for each of Plaintiff's claims or the appropriate defendant/defendants for them. Even a cursory review of the complaint and its attachments is daunting. Neither the Court nor the defendants should be required to sift through 800 pages of materials to discern the who, what, and

7

where of Plaintiff's claims and his bases for relief as to each of the defendants.

*Brown v. Suppes*, No. 2:16-CV-13725, 2016 WL 7242146, at *2 (E.D. Mich. Dec. 15, 2016) (Rosen, J.) (discussing "Non-Prejudicial Dismissal of Complaint Under Rule 8(a)").

Even though Plaintiff's 7-page, 33-paragraph "bill in equity" is much shorter than the 119-page complaint at issue in *Plymale* or the 800-pages of allegations and materials at issue in *Brown* − and, thus, is perhaps not "prolix" − Plaintiff's initiating document is still "confusing" and "difficult to follow." If Plaintiff's claims against Defendant are based upon a federal statute, such as the Trading with the Enemy Act (TWEA) or the Emergency Banking Relief Act (EBRA), or some portion of the Constitution of the United States, his complaint must be clear enough that Defendant can file an answer.  *See, e.g.*, Fed. Rules Civ. P. 7(a)(2) ("an answer to a complaint;"), 8(b) ("Defenses; Admissions and Denials."), 8(c) ("Affirmative Defenses.")[2]  His complaint is not clear enough for Defendant to file an answer and does not make a "showing that the pleader is entitled to relief[,]" as required by Fed. R. Civ. P. 8(a)(2).

### E. Conclusion

---

[2] Moreover, it is doubtful that the TWEA provides Plaintiff with a private cause of action.  *See Glen v. Club Mediterranee S.A.*, 365 F. Supp. 2d 1263, 1272 (S.D. Fla. 2005) ("Neither TWEA nor CACR provides Plaintiffs with a private right of action for declaratory relief."), *aff'd*, 450 F.3d 1251 (11th Cir. 2006).

In his "motion to dismiss/strike," Plaintiff urges the Court to strike Defendant's motion to dismiss "for the reasons that the defense contained therein is insufficient and scandalous." (DE 16 at 1.) He also takes Defendant to task for not having provided the "cause" Plaintiff sought through his "Affidavit of Truth," perhaps because he sought to amend or "eliminate any damage that might become present due to mistake." (*Id.* ¶¶ 1-4.)

However, for the reasons set forth above, Plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and/or fails to satisfy the pleading requirements of Fed. R. Civ. P. 8. Therefore, Defendant's motion on these bases should be granted, and this case should be dismissed for its "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

### III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

9

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 11, 2018

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 11, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti